UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CR 119 RLW(SPM) |
| | ) | |
| AHMAD R. HUDSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is currently before the court on Defendant Ahmad R. Hudson's ("Defendant's") Motion to Dismiss the Indictment (Doc. 21) filed on May 20, 2015. The motion is opposed by the United States. (Doc. 23). On June 2, 2015, counsel for the parties and the defendant personally appeared before the undersigned for a hearing on pretrial motions. At that time, it was agreed that Defendant's motion could be taken up without any testimony or evidence and that counsel would make arguments in support of their respective positions. Following argument by counsel at the hearing, the undersigned granted defense counsel additional time to file a response in further support of the motion. Defendant's

1

response was filed on June 17, 2015. (Doc. 29). As such, the matter is ready for a ruling.

## FACTUAL BACKGROUND

On March 19, 2015, Defendant was charged in an indictment with knowingly possessing a firearm, which traveled in interstate or foreign commerce, after having been convicted of one or more crimes punishable by a term of imprisonment exceeding one year under the laws of the State of Missouri, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Based on the parties' respective memoranda, it appears there is no dispute that, for purposes of proving the allegations in the indictment, the government intends to offer the following evidence: (i) in 2006, Defendant was convicted of burglary in the 2nd degree and theft; (ii) in 2009, Defendant was convicted of unlawful use of a weapon; and (iii) in 2014, Defendant was convicted of resisting arrest - creating a substantial risk of serious injury/death to a person and driving while revoked/suspended. It also appears that there is no dispute that each of the alleged predicate offenses is a felony under Missouri law punishable by a term of imprisonment exceeding one year.

Defendant filed a motion to dismiss the indictment arguing that a 2014 amendment to the Bill of Rights of the Missouri constitution expanding the right of Missourians to bear arms, art. I, §23, and the February 2015 decision by the

Honorable Robert H. Dierker in *State v. Robinson,* No. 1422 CR02936 01, slip op. at 15 (22nd Cir. Ct. Feb. 27, 2015), prohibit the United States from prosecuting him for alleged violations of 18 U.S.C. §922(g)(1). For the reasons set out below, I recommend that the motion be denied.

## DISCUSSION

In 2014, the people of Missouri voted to amend the Bill of Rights of the Missouri constitution to, among other things, make it the "unalienable" right of every citizen to "keep and bear arms, ammunition, and accessories typical to the normal function of such arms" and to subject "any restriction on these rights" to "strict scrutiny." Mo. Const., art. I, §23. Raymond Robinson, the defendant in *Robinson*, was charged in St. Louis City Circuit Court with violating Mo. Rev. Stat. §571.070, which makes it a crime for a person previously convicted of a felony under the laws of Missouri to knowingly possess a firearm. Robinson moved to dismiss the indictment challenging the constitutionality of Mo. Rev. Stat. §571.070 in light of the 2014 amendment to the Missouri constitution.

In granting Robinson's motion, Judge Dierker held that the Missouri amendment "places the fundamental nature of the right to keep and bear arms beyond cavil." *Robinson*, No. 1422 CR02936 01, slip op. at 9. Judge Dierker further held §571.070 was subject to "strict scrutiny" because it impinged on a fundamental right under the new amendment. *Id.* However, because "the

[Missouri] constitution itself defines a set of circumstances in which §571.070.1(1) can be constitutionally applied," Judge Dierker held the constitutional amendment did not render §571.070 facially invalid. *Id.* Judge Dierker nevertheless held §571.070 unconstitutional as applied to Robinson because he was a non-violent felon. *Id.* at 15. In so doing, Judge Dierker reasoned that §571.070 is unconstitutionally vague because it "fails to differentiate among classes of felonies, fails to define criteria whereby non-violent felons can be assessed for future dangerousness, and fails to impose any standard of proof before a non-violent felon can be stripped of his constitutional right to keep and bear arms." *Id.*

Defendant in this case contends that, in light of the Missouri constitutional amendment and *Robinson*, the United States should not be permitted to infringe on his fundamental right under the Missouri constitution by prosecuting him for alleged violations of 18 U.S.C. § 922(g)(1). Defendant further contends that, pursuant to 18 U.S.C § 921(a)(20), the United States cannot prosecute him for violating 18 U.S.C § 922(g)(1) because the Missouri constitutional amendment has restored his civil rights. Defendant's arguments are without merit.

### A. FUNDAMENTAL RIGHT UNDER MISSOURI LAW

Notwithstanding Defendant's arguments to the contrary, *Robinson* does not stand for the proposition that the Missouri constitutional amendment gave him an unfettered right to keep and bear arms. Rather, as Judge Dierker pointed out, the

amendment explicitly limits the right to bear arms by permitting statutory restriction of the right of violent felons to keep and bear arms. *Robinson*, No. 1422 CR02936 01, slip op. at 9. Defendant conveniently avoids discussing the nature and circumstances of his prior convictions. However, unlike Robinson who was convicted of unlawful use of a weapon some eleven years prior to the offense charged, as recently as 2014, Defendant here was convicted of an arguably violent offense: resisting arrest - creating a substantial risk of serious injury/death to a person.[1] As such, even if *Robinson* applies, it appears that Defendant may not be entitled to carry a firearm under Missouri law.

This Court need not resolve the question of whether *Robinson* supports Defendant's contention that he has an unfettered right under Missouri law to bear arms. Even if *Robinson* did support Defendant's contention, *Robinson* is not controlling. *Robinson* does not address the issue of whether the United States (and not the State of Missouri) can prosecute Defendant under federal (not state) gun laws. Both before and after *Robinson*, this Court has recognized that a defendant can "be prosecuted for violating the federal law prohibiting possession of firearms" even if the Defendant is entitled to possess a firearm under Missouri law. *United States v. Niccum*, No. 4:09 CR 00171 ERW, 2009 WL 1382941, at *1 (E.D. Mo.

---

[1] Defendant was also previously convicted of Burglary 2nd and Unlawful Use of a Weapon. Neither Defendant nor the United States has addressed whether any of Defendant's predicate convictions are "violent felonies."

5

May 14, 2009). *See also United States v. Graham,* No. 4:14 CR 333 RLW, 2015 WL 1611998, at *3-4 (E.D. Mo. March 27, 2015) (holding that the 2014 Missouri constitutional amendment does not limit the reach of 18 U.S.C. §922(g)(1)).

Indeed, in *Niccum*, Senior District Court Judge E. Richard Webber rejected an argument similar to Defendant's argument in this case. 2009 WL 1382941, at *1. Niccum, who had previously been convicted of Burglary 2nd and Stealing in state court, was charged in federal court with being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). *Id.* at 1. Niccum filed a motion to dismiss the indictment arguing that the United States could not prosecute him because, under Missouri law, he was lawfully entitled to possess a firearm upon completion of his sentence. *Id.* In rejecting that argument, Judge Webber held that although, under Missouri law, Niccum was entitled to possess a firearm upon completion of his term of imprisonment for Burglary 2nd and Stealing, Niccum's "right to possess a firearm under state law does not affect the ability of the federal government to restrict [that] right." *Id.* (citing *Caron v. United States*, 524 U.S. 308, 315 (2007) ("Congress meant to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States . . . If federal law is to provide the missing 'positive assurance,' it must reach primary conduct not covered by state law.")).

Although *Niccum* was decided before *Robinson* and before the Missouri amendment, the undersigned finds the reasoning in *Niccum* persuasive and finds nothing in *Robinson* or the Missouri amendment that warrants a different result in this case. As noted above, *Robinson* simply did not involve the interplay between federal gun laws and the Missouri constitutional amendment. Defendant has pointed to no authority, and the undersigned has found no authority, to support the proposition that the federal government's ability to restrict a felon's right to bear arms is somehow hampered because Missouri has elected to characterize the right of certain felons to bear arms as a fundamental "unalienable" right. To the contrary, in a decision that issued after *Robinson*, United States District Judge Ronnie L. White sustained the report and recommendation of a Magistrate Judge rejecting an argument that the Missouri amendment limits the reach of 18 U.S.C. 18 U.S.C § 922(g)(1). *Graham,* 2015 WL 1611998, at *3-4.

For the foregoing reasons, neither *Robinson* nor the Missouri amendment support the proposition that Defendant has a fundamental right under the Missouri constitution that prohibits the United States from prosecuting him under federal gun laws in this Court.

**B. RESTORATION OF CIVIL RIGHTS UNDER 18 U.S.C § 921(A)(1)**

Defendant also argues the United States cannot prosecute him for violating the federal felon in possession statute because the Missouri constitutional

7

amendment restored his civil rights and because 18 U.S.C § 921(a)(20) specifically excludes persons who have had their civil rights restored:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

It is well established under Eighth Circuit precedent that the exclusion set forth in 18 U.S.C § 921(a)(20) applies only if the state restores more than *some* of the person's civil rights; the defendant must show that his rights have been *substantially* restored. *United States v. Akens*, 602 F.3d 904, 908 (8th Cir. 2010) (rejecting the argument that the defendant's rights had been restored under Missouri law after he was released from prison, because they had not been "sufficiently" restored); *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005) (holding that for the purposes of extending the defendant's prison sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), his prior convictions were predicate convictions and his civil rights had not been sufficiently restored to place him under the exception of 18 U.S.C. § 921(a)(20)); *United States v. Woodall*, 120 F.3d 880, 881-82 (8th Cir. 1997) (holding the statute's focus on "civil rights" requires examination of a broad range of legal disabilities imposed on convicted felons to see whether a particular State substantially restores those rights when a felon is discharged from prison); *Presley v. United States*, 851 F.2d 1052,

1053 (8th Cir. 1988) (holding that complete or substantial restoration of civil rights was required to fall under the exception of 18 U.S.C. § 921(a)(20) for the purposes of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(1)(B)).

There is no bright line rule for determining when a defendant's civil rights are sufficiently restored under Missouri law for purposes of section 921(a)(20). However, the Eighth Circuit has repeatedly held that Missouri's automatic restoration of "some civil rights, such as voting (upon release from confinement) and holding office (upon completion of sentence)," when a felon completes his or her sentence is not sufficient because the state nevertheless withholds substantial civil rights such as the ability to serve as a juror, the ability to work in various law enforcement and other state positions, and the ability to obtain certain state-issued licenses. *See Akens*, 602 F.3d at 908 (quoting *Brown,* 408 F.3d at 1017). Consequently, the fact that Missouri automatically restores a number of civil rights to a felon who has completed his or her sentence is not sufficient to invoke section 921(a)(20). *See Akens,* 602 F.3d at 907-8; *Brown,* 408 F.3d at 1017; *Presley,* 851 F.2d at 1053.

Here, in contending that his civil rights have been restored for purposes of section 921(a)(20), Defendant relies exclusively on the Missouri constitutional amendment. However, on its face, the Missouri amendment addresses only the

right of Missourians to bear arms. Given the amendment's limited scope, at most, Defendant can argue that the amendment restored his right to bear arms. Defendant offers no other factual or legal basis to support his argument that his civil rights have been restored for the purposes of section 921(a)(20); and, the undersigned can find no such support in the record other than what can be gleaned from previous decisions such as *Brown* and *Aken* (cited in this Memorandum) which identify various Missouri statutes that automatically restore some civil rights of convicted felons after they have completed their sentences. For the reasons articulated by the Eighth Circuit in cases such as *Brown* and *Aken,* the undersigned finds that even assuming that Defendant's right to bear arms has been restored by the Missouri amendment, and assuming that Missouri law partially restored some of Defendant's civil rights following his release from prison (such as the right to vote and to hold office), Defendant has failed to demonstrate that his civil rights have been restored to the extent required to invoke 18 U.S.C. § 921(a)(20).

In sum, Defendant's prior convictions may serve as predicate prior convictions for the purposes of 18 U.S.C. § 922(g)(1) because he has not shown that his convictions have been expunged, set aside, pardoned or vacated by any other means, nor has he shown that his civil rights have been substantially restored under Missouri law.

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant Ahmad R. Hudson's Motion to Dismiss the Indictment (Doc. 21) be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case has been set on August 24, 2015**,** at 9:00 A.M. before the Honorable Ronnie L. White.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of July, 2015.